<pre>
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
</pre>

| | | |
|---|---|---|
| **MERCATO ELISIO, LLC** | * | |
| | * | **CIVIL ACTION** |
| versus | * | |
| | * | **NO:** |
| **JOHN DEVENEY, DEVENEY** | * | |
| **COMMUNICATION CONSULTING, LLC** | * | **JUDGE** |
| and **CHRIS COSTELLO**, individually and as | * | |
| employee of Deveney Communication | * | **SECTION:** |
| Consulting, LLC | * | |
| | * | **MAGISTRATE:** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DAMAGES PURSUANT TO**
**<u>42 U.S.C. § 1983 AND STATE LAW</u>**

**NOW COMES** plaintiff Mercato Elisio, LLC and brings this, its complaint for damages pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment, Article I §§ 2 of the Louisiana Constitution of 1974, and Louisiana law against the defendants named herein, showing the following:

## <u>THE PARTIES</u>

1.

Plaintiff Mercato Elisio, LLC ("Elisio") is a limited liability company domiciled in the State of Louisiana.

2.

Defendant John Deveney is a citizen and resident of the State of Louisiana. Upon information and belief, he resides in Orleans Parish, Louisiana. He is, and was at all times relevant to this Complaint, a commissioner and voting member of the Historic District Landmarks Commission for the City of New Orleans ("HDLC"). John Deveney acted under color of state law as a commissioner of the HDLC at all relevant times in this Complaint.

3.

Defendant Deveney Communication Consulting, LLC ("Deveney Communication") is a limited liability company domiciled in the State of Louisiana. John Deveney is, and was at all times relevant to this Complaint, a member and officer of Deveney Communication. Deveney Communication acted under color of state law in all matters relevant to this Complaint, because its actions were taken as part of a conspiracy with Chris Costello and/or John Deveney acting under color of state law.

4.

Defendant Chris Costello is a citizen and resident of the State of Louisiana. Upon information and belief, he resides in Orleans Parish, Louisiana. He is, and was at all times relevant to this complaint, an employee of Deveney Communication. He acted under color of state law in all matters relevant to this complaint because his actions were taken as part of a conspiracy with Deveney Communication and/or John Deveney, all acting under color of state law.

## JURISDICTION AND VENUE

5.

Plaintiff's claims, *inter alia*, arise under 42 U.S.C. § 1983 and thus, this Court has subject matter jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331.

6.

This Court also has ancillary subject matter jurisdiction over Plaintiff's state law claims, because the state law claims and the federal law claims have a common nucleus of operative facts.

7.

This Court has personal jurisdiction over all of the parties, because all of the parties are citizens of Louisiana.

8.

Venue is proper in this Court, because one or more defendants reside in the Eastern District of Louisiana, and because a substantial part of the events or omissions giving rise to the claims raised herein occurred in the Eastern District of Louisiana.

## FACTUAL BACKGROUND

### *Elisio seeks to redevelop a property*

9.

Plaintiff Elisio owns a parcel of property located at 501 Elysian Fields Avenue in the Faubourg Marigny neighborhood of New Orleans, Louisiana. Elisio sought to develop a residential apartment building ("Elisio Lofts"), with parking and a neighborhood restaurant on this property.

10.

The property at 501 Elysian Fields Avenue is located within a Historic Marigny/Treme Light Industrial District ("HMLI District"). All main uses of properties in the HMLI District are conditional. *See* New Orleans Comprehensive Zoning Ordinance ("CZO") Art. 9, Section 9.6.3. As a result, a property owner must apply for a conditional use permit prior to beginning construction. *Id.* Section 9.6.5. The New Orleans City Planning Commission ("CPC") is required to make a recommendation on all conditional use applications before the New Orleans City Council may act on any application. *Id.* Art. 16, Section 16.6.4. At a June 26, 2012 meeting, the CPC recommended approval of Elisio Lofts, including waiver of several provisions of the Comprehensive Zoning Ordinance.

11.

In order to perform any exterior construction or renovation on property located in a historic district in New Orleans, a property owner must apply for and receive a Certificate of Appropriateness from the HDLC. *See* New Orleans Code of Ordinances, Ch. 84, Art. II, Section 84-76. The HDLC's purpose is to regulate historic districts, including the Fauborg Marigny Historic District, which encompasses Elisio's property located at 501 Elysian Fields Avenue. *Id.* Section 84-21. Once a complete application has been submitted to the HDLC for a Certificate of Appropriateness:

a) The Architectural Review Committee of the HDLC reviews the application for compliance with guidelines adopted for use by the City of New Orleans. If the Architectural Review Committee believes the proposed work is appropriate and meets the guidelines, it will issue a recommendation for conceptual approval.

b) Once the Architectural Review Committee issues a recommendation for conceptual approval, the HDLC is required to hold a public hearing on the application. After this public hearing, an affirmative two-thirds majority vote of the HDLC members is required to grant a Certificate of Appropriateness to the applicant.

12.

Elisio submitted its Certificate of Appropriateness application for the proposed "Elisio Lofts." The Architectural Review Committee issued a recommendation for conceptual approval. A public hearing was held by the HDLC on August 10, 2012. Elisio was not granted a Certificate of Appropriateness after this meeting.

*Deveney Communication and Costello covertly interject*

13.

John Deveney is, and was at all times relevant to this Complaint, a commissioner and voting member of the HDLC. During his tenure as an HDLC commissioner, John Deveney has operated and solely owned Deveney Communication. Deveney Communication is a New Orleans-based marketing and consulting firm, specializing in media relations, public relations, and social media.

14.

Deveney Communication has advised and represented the Faubourg Marigny Improvement Association ("FMIA") on multiple occasions, including a campaign to stop the development of a proposed industrial facility on the Mississippi River just outside the Faubourg Marigny neighborhood (the "Cold Storage Campaign"). On belief and information, Deveney Communication received tens of thousands of dollars from FMIA for its public relations work on the Cold Storage Campaign.

15.

Deveney Communication employed Chris Costello at all times relevant to this Complaint. Chris Costello also served, at all times relevant to this Complaint, as President, Secretary, and/or Treasurer of the FMIA at or about the time that Elisio's Certificate of Appropriateness application was pending before the HDLC. Upon information and belief, at all times relevant to this Complaint, Chris Costello frequently spent most of his workdays at Deveney Communication on FMIA projects, often enlisting other employees to assist in these projects.

16.

During the Cold Storage Campaign, Chris Costello solicited donations on behalf of FMIA, in part to pay Deveney Communication for public relations services rendered to FMIA.

Deveney Communication had profited in the past from its work for FMIA, and stood to profit as a result of its continuing working relationship with FMIA. This working relationship between FMIA and Deveney Communication was bolstered by Chris Costello's dual-role in both entities.

17.

As owner of Deveney Communication, John Deveney had a personal, substantial economic interest in Deveney Communication's client relationships.

18.

Deveney Communication stood to benefit financially if FMIA, its paying client, won a high-profile public relations victory against Elisio. Even when Deveney Communication's work on behalf of the FMIA was *pro bono*, this "charitable" work was used as marketing by Deveney Communication.

19.

Section 1112 of the Louisiana Code of Ethics prohibits a public employee or servant from participation in certain transactions where he has a personal, substantial economic interest of which he may reasonably be expected to know involving the government entity. State law requires any member of a board or commission to recuse himself from voting on a matter where it would violate this provision. HDLC Administrative Rules also require recusal of a commissioner if there is a personal conflict of interest. Furthermore, state law, the New Orleans Code of Ordinances, and HDLC Administrative Rules prohibit a board or commission member who recuses himself as a result of a personal, substantial economic interest from participating in discussion and debate concerning the matter.

20.

John Deveney has been an active member of FMIA for years. As a member, John Deveney has donated money and the services of Deveney Communication, and loaned Deveney Communication's resources to FMIA.

21.

Chris Costello organized and led the public campaign against the Elisio Lofts project on behalf of FMIA.

22.

Elisio wrote to the HDLC Chairman to express concerns about the impropriety of a commissioner with such a conflict failing to recuse himself and disclose the conflict of interests.

23.

After John Deveney was informed of Elisio's letter concerning the above-referenced conflicts of interest, he neither disclosed to HDLC the relationship between himself, Deveney Communication, Chris Costello, and/or FMIA, nor recused himself.

24.

John Deveney, together with Chris Costello, drafted a letter to the HDLC Commissioners urging the other commissioners to oppose Elisio's pending application for a Certificate of Appropriateness. This letter was signed with John Deveney's official title, "HDLC Commissioner, Faubourg Marigny," and concealed Chris Costello's role in drafting the letter. John Deveney willfully and wantonly drafted and conveyed this letter to the HDLC commissioners, despite knowing of his duty to recuse himself and to not participate in debate or discussion on the matter.

25.

Chris Costello sought to benefit himself and his employer, Deveney Communication, by bolstering FMIA's campaign against the Elisio Lofts through this letter to the HDLC commissioners under the guise of John Deveney's public office.

26.

Deveney Communication, through its employee, Chris Costello, sought to and did influence the HDLC commissioners outside of the public hearing process created by state and local law under the guise of John Deveney's office as HDLC commissioner.

27.

Because of an unrelated scheduling conflict, John Deveney neither attended the public hearing nor voted on Elisio's application before HDLC.

28.

Deveney Communication and Chris Costello had a duty to refrain from participating in HDLC's consideration of Elisio's application under John Deveney's name in light of the above-referenced conflicts of interest.

29.

Deveney Communication and Chris Costello willfully co-authored John Deveney's letter to the HDLC commissioners, despite the duty to refrain from participating in HDLC's consideration of Elisio's application in John Deveney's name.

30.

Deveney Communication stood to profit from HDLC's denial of Elisio's application before HDLC.

31.

Chris Costello stood to profit from HDLC's denial of Elisio's application before HDLC.

32.

John Deveney stood to profit from the HDLC's denial of Elisio's application before the HDLC.

33.

Chris Costello and Deveney Communication were in agreement with John Deveney to conceal their involvement in drafting and submitting the letter signed under John Deveney's title of HDLC commissioner.

34.

Elisio did not learn of the letter written under the guise of John Deveney's official title as HDLC commissioner, nor should Elisio have reasonably suspected such covert subversion of due process, until a subsequent suit was brought, motions filed, and depositions conducted to compel production of the above-mentioned and other public records concerning Elisio's application before HDLC. This litigation continues as Defendants continue to conceal public information from Plaintiff.

*Continuing Tort*

35.

All of the above alleged acts and omissions continued and constitute a continuing tort and continuing course of conduct at least through the filing of this Complaint.

**THEORIES OF RECOVERY**

*Federal Law Claims Under 42 U.S.C. § 1983*

36.

John Deveney, Deveney Communication, and Chris Costello, acting under color of state law, conspired to violate and did violate Elisio's Fourteenth Amendment right to due process by denying Elisio a fair hearing before HDLC.

### *Violations of the Louisiana Constitution*

37.

John Deveney's, Deveney Communication's, and Chris Costello's offenses and actions as described above violate the civil rights guaranteed Elisio under the Louisiana Constitution, Article I §§ 2 protecting citizens from denial of due process of law.

### *Claims Under Louisiana Law for Negligence and/or Intentional Tort*

38.

The actions or omissions of Defendants Deveney Communication and Chris Costello were unreasonable, below the duty of care ordinarily exercised by reasonably prudent persons, and a cause-in-fact of the damages complained of herein, all of which were reasonably foreseeable under the circumstances and which constituted risks within the duty contemplated.

39.

Defendants Deveney Communication and Chris Costello conspired with John Deveney to deny Elisio due process guaranteed by the United States and Louisiana Constitutions.

### *Claims Under Louisiana Unfair Trade Practices Act – La. R.S. 51:1401 et seq.*

40.

Upon information and belief, Deveney Communication and Chris Costello have engaged in actions which are unethical, oppressive, unscrupulous, and substantially injurious to Elisio in that they:

a) acted in concert with John Deveney to influence HDLC under the guise of title as HDLC Commissioner for Faubourg Marigny;

b) intentionally acted with John Deveney, a public servant, to participate in and influence the outcome of Elisio's application despite:

i) HDLC Administrative Rules prohibiting such actions;

ii) Prohibitions contained within the New Orleans Code of Ethics; and

iii) the Louisiana Code of Ethics.

## **DAMAGES**

41.

Due to the tortious actions of John Deveney, Deveney Communication, and Chris Costello, Elisio suffered the following damages and are entitled to recovery thereof:

a) denial of due process;

b) actual damages, including expenses of Conditional Use Permit application, lost profits, damage to business reputation, and loss of business opportunity, plus attorneys' fees and penalties, against John Deveney, Deveney Communication, and Chris Costello, *in solido*, for the unfair trade practices perpetrated by John Deveney, Deveney Communication, and Chris Costello, pursuant to La. R.S. 51:1409;

c) recovery of actual damages, including expenses of Conditional Use Permit application, lost profits, damage to business reputation, and loss of business opportunity, plus attorneys' fees and penalties, against John Deveney, Deveney Communication, and Chris Costello, *in solido*, pursuant to Louisiana Civil Code Articles 2315 and 2324;

d) recovery of criminal and/or civil restitution; and

e) any other damages proven at trial or hearing of this matter.

42.

Considering John Deveney's, Deveney Communication's, and Chris Costello's callous or reckless disregard for Elisio's constitutional rights, which constitute intentional violations of

federal law and amounted to egregious conduct, Defendants, individually, solidarily, and/or jointly and severally, are liable for punitive damages.

43.

John Deveney, Deveney Communication, and Chris Costello are therefore liable for any and all compensatory damages causally related to their actions. Furthermore, as they conspired with another person to commit an intentional and/or willful act, they are jointly and severally liable for compensatory damages, punitive damages, attorneys' fees, costs, interest, and all legal and equitable relief this Court deems proper.

44.

In accordance with Louisiana Civil Code Article 2324, John Deveney, Deveney Communication, and Chris Costello are solidarily liable with all the actors in the above unethical and unlawful acts because, upon information and belief, John Deveney, Deveney Communication, and Chris Costello, knowing of said actions, and knowing that the actions were unethical and/or unlawful, intentionally, and/or willfully colluded with said actors for the benefit of John Deveney, Deveney Communication, and Chris Costello.

45.

Further, the corporate officers, directors, and/or agents of Deveney Communication, including John Deveney and Chris Costello, are individually and personally liable, *in solido*, pursuant to La. R.S. 51:126 and La. R.S. 12:95.

## JURY DEMAND

46.

Plaintiffs demand a jury trial on all issues for which they are entitled to a trial by jury in this case.

## **PRAYER**

For the harm caused by the conduct of Defendants, Plaintiff prays that, after due proceedings are had, there be judgment in Plaintiff's favor, finding Defendants, jointly and severally and/or solidarily, liable to Plaintiff for compensatory damages, punitive damages, attorneys' fees, costs, interest, and all legal and equitable relief this Court deems proper, as well as a trial by jury.

Respectfully Submitted,

**/s/ Randall A. Smith**
**RANDALL A. SMITH, T.A. (No. 2117)**
**STEPHEN M. GELÉ (No. 22385)**
         **OF**
**SMITH & FAWER L.L.C.**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205

*Counsel for Plaintiff, Mercato Elisio, LLC*