UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERCATO ELISIO, LLC                                    CIVIL ACTION

VERSUS                                                        NO. 15-563

JOHN DEVENEY, DEVENEY                         SECTION "R" (1)
COMMUNICATION CONSULTING,
LLC, AND CHRIS COSTELLO


**<u>ORDER AND REASONS</u>**


Defendants John Deveney, Deveney Communication Consulting, LLC, and Chris Costello have filed two motions for summary judgment on plaintiff Mercato Elisio, LLC's claims. The first motion seeks summary judgment on the grounds that plaintiff's claims are barred by the applicable one-year prescriptive period. The second motion seeks summary judgment on the merits. In response, Mercato Elisio, LLC has filed motions to strike the exhibits accompanying defendants' two motions and has also responded on the merits. For the following reasons, the Court holds that defendants' prescription exhibits are admissible under the Federal Rules of Evidence and denies Mercato Elisio, LLC's motion to strike. Further, the Court grants defendants' motion for summary judgment on grounds of prescription because there is no genuine issue of material fact that each of plaintiff's

claims accrued and prescription began to run more than one year before plaintiff filed this action. The Court denies as moot defendants' motion for summary judgment on the merits and Mercato Elisio, LLC's related motion to strike the exhibits submitted in support of that motion.

## I.    BACKGROUND

Mercato Elisio, LLC filed suit on February 20, 2015 against John Deveney, Deveney Communication Consulting, LLC, and Chris Costello for improperly influencing the Historic District Landmarks Commission for the City of New Orleans (HDLC) to fail to approve an application filed by Mercato that was necessary for one of its projects.[1] Defendant John Deveney is an HDLC commissioner, a member of the Fauborg Marigny Improvement Association (FMIA), and the owner of Deveney Communications. Defendant Chris Costello is an employee of Deveney Communications and an officer of the FMIA.[2] Deveney Communications is a New Orleans marketing and consulting firm.[3] The FMIA is a neighborhood community organization that

---

[1]    R. Doc. 1.
[2]    *Id.* at 5.
[3]    *Id.* at 2, 5.

opposed Mercato's application, and Deveney Communications has, in the past, performed both paid and unpaid work on behalf of the FMIA.[4]

Mercato owns property located at 501 Elysian Fields Avenue in the Fauborg Marigny neighborhood of New Orleans.[5] In 2012, Mercato sought to build out the existing structures on the Elysian Fields property and develop an apartment building, dubbed the "Elisio Lofts."[6] Fauborg Marigny is a designated historic district, and New Orleans municipal ordinances require owners of property situated in such districts to apply for and receive a Certificate of Appropriateness before performing exterior construction.[7] Certificates are granted by the HDLC. After a hearing on August 10, 2012, Mercato's application for a Certificate of Appropriateness failed to win a majority vote of the HDLC, effectively denying the application.[8] Mercato successfully appealed the HDLC decision to the New Orleans City Council and received a conditional approval to begin demolition and construction in September 2012.[9]

---

[4]     *Id.* at 5.
[5]     *Id.* at 3.
[6]     *Id.*
[7]     *Id.* at 4.
[8]     R. Doc. 17-4.
[9]     R. Doc. 17-5 at 34.

Mercato's core allegation is that defendant John Deveney should have recused himself from the discussion surrounding the Elisio Lofts project, and that his failure to do so denied Mercato a fair vote. Deveney did not actually vote on Mercato's Certificate of Appropriateness; he was out-of-town for a wedding.[10] Instead, Deveney sent a letter to his fellow HDLC commissioners outlining his opposition to Mercato's application and urging the commission to deny it.[11] Mercato alleges that this letter improperly influenced HDLC members and thereby denied Mercato a fair hearing. Mercato also alleges that Costello contributed to drafting the letter.

Mercato argues that Deveney had a conflict of interest because Deveney Communications had performed paid work for the FMIA in the past. The company therefore, according to Mercato, "stood to profit" if Mercato was denied its Certificate and the FMIA was perceived to have won a public relations battle against the Elisio Lofts project.[12] The complaint alleges that both Deveney and Costello also "stood to profit," presumably through Deveney Communications, if Mercato's application failed to win approval.[13] Based on this purported conflict of interest, Mercato has asserted

---

[10] *See* R. Doc. 17-7 at 2.
[11] *Id.*
[12] R. Doc 1 at 6.
[13] *Id.* at 8-9.

claims against the three defendants under the United States and Louisiana constitutions, state tort law, and the Louisiana Unfair Trade Practices Act (LUTPA).

Defendants' first motion for summary judgment asserts that all of Mercato's claims have prescribed. For the following reasons, the Court grants the motion. The Court denies defendants' motion for summary judgment on the merits as moot.

## II.  LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either

support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a

genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

### A. Mercato's Motion to Strike Exhibits Supporting Defendants' Motion for Summary Judgment Regarding Prescription.

The Court first considers Mercato's motion to strike the exhibits accompanying defendants' motion for summary judgment regarding prescription. Mercato contends that defendants have failed to properly authenticate any of the exhibits. Mercato also argues that Exhibits A, C-F, and H are hearsay.

In response to Mercato's motion to strike, defendants submitted an affidavit prepared by Joyce Joseph, a Deputy City Attorney with the City of New Orleans.[14] The affidavit attests to the authenticity of the exhibits

---

[14] R. Doc. 33-2.

accompanying defendants' motion for summary judgment regarding prescription.[15] Mercato argues that the Joseph affidavit is untimely and the Court should ignore it.

Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact . . . the court may: (1) give an opportunity to properly support or address the fact; . . . or (4) issue any other appropriate order." The Fifth Circuit has held that district courts have discretion to permit a party to cure defects in evidence supporting or opposing summary judgment. *See Stingley v. Den–Mar Inc.*, 347 Fed. App'x. 14, 20 (5th Cir. 2009) ("[T]he decision of whether to give parties the opportunity to remedy material presented for summary judgment is within the discretion of the district court."); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("When summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting affidavits or otherwise."); *see also McMahon v. Digital Equipment Corp.*, 162 F.3d 28, 34 n.6 (1st Cir. 1998) (supplemental affidavits in response to motion to strike cured initial failure to authenticate documents). Accordingly, the Court chooses to consider the Joseph Affidavit in deciding

---

[15]     *Id.*

defendants' motion for summary judgment. In doing so, the Court notes that (1) Mercato has never challenged the authenticity, as distinguished from the need for an authenticating affidavit, of any exhibit; (2) the exhibits Mercato moves to strike are all either public records, documents that were produced to Mercato in a public records request, or documents created by Mercato's counsel; (3) Mercato stipulated to the authenticity of several of these exhibits in a related state court proceeding,[16] and (4) Mercato had the opportunity to, and did, brief its opposition to the substance of the summary judgment motion these exhibits support.

Rule 56(c)(4) sets out the requirements for an affidavit used to support or oppose summary judgment. Such affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Because the Johnson affidavit meets these requirements, defendants have met their burden to "produce evidence sufficient to support a finding that" each exhibit "is what the proponent claims it is." Fed. R. Evid. 901. Mercato's authenticity argument therefore fails.

Mercato's hearsay argument fares no better. Each of the challenged exhibits is either subject to a hearsay exception or is not hearsay. Exhibit A

---

[16] R. Doc. 33-1.

is a letter on City of New Orleans letterhead from a New Orleans Building Plans Examiner, which "confirms the actions" of the HDLC concerning Mercato's application. [17] The letter is a statement of a public office that sets out the office's activities, and it therefore falls under the public records hearsay exception. Fed. R. Evid. 803(8)(A)(1); s*ee also Watkins v. Se. Newspapers, Inc.*, 163 F. App'x 823, 825 (11th Cir. 2006) (upholding admission of letter from Copyright Office); *Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 490 (7th Cir. 1988) (holding that video record of city council meeting fell under public records hearsay exception).

As for Exhibits C-F, Deveney and Costello rely on these documents solely to establish Mercato's knowledge of the information contained in them.[18] Because these exhibits are not offered for the truth of the matters asserted in them, they are not hearsay. Fed. R. Evid. 801(c)(2); *see also United States v. Obregon-Reyes*, 507 F. App'x 413, 424 (5th Cir. 2013) ("A statement that D made a statement to X is not subject to attack as hearsay when its purpose is to establish the state of mind thereby induced in X, such as . . . having knowledge." (quoting 2 McCormick on Evidence § 249 (6th ed. 2006)).

---

[17] R. Doc. 17-4.
[18] *See* R. Doc. 17 at 4.

Finally, Exhibit H is a letter from Mercato's attorney to the HDLC concerning the then-upcoming vote on Mercato's application for a Certificate of Appropriateness.[19]  Because the letter is offered against Mercato, and was made by a party authorized by Mercato to speak on the subject, it is not hearsay.  Fed. R. Evid. 801(d)(2)(C); s*ee also Hanson v. Waller*, 888 F.2d 806, 814 (11th Cir. 1989) (noting that Rule 801(d)(2)(C) "has been applied to allow in evidence statements made by attorneys in a representational capacity."); *Williams v. Union Carbide Corp.,* 790 F.2d 552, 555 (6th Cir. 1986) ("It is the general rule that 'statements made by an attorney concerning a matter within his employment may be admissible against the party retaining the attorney.'" (quoting *United States v. Margiotta*, 662 F.2d 131, 142 (2nd Cir. 1981), *cert. denied*, 461 U.S. 913 (1983))).

Because Joseph's affidavit cured any purported authenticity issues with defendants exhibits, and because all of defendants' challenged exhibits are either not hearsay or fall under a hearsay exception, Mercato's motion to strike is denied.

Mercato further requests that if the Court permits defendants to cure their summary judgment evidence, Mercato be given an opportunity to file a second opposition to defendants' motion for summary judgment. This

---

[19]    R. Doc. 17-11.

request is denied. As noted above, Mercato already had the opportunity to, and did, respond to the substance of defendants' argument. Further, Mercato has identified no additional arguments that it intends to put before the Court.

## B. Defendants' Motion for Summary Judgment Regarding Prescription.

In their motion for summary judgment, defendants assert that all of Mercato's claims are barred by the applicable one-year prescriptive period. Mercato, however, insists that its claims did not accrue until February 20, 2014—exactly one year before this case was filed—when Mercato became aware that Costello had aided in the drafting of Deveney's letter to the HDLC. Mercato further argues that defendants' conduct constituted a continuing tort, and that, even if its claims accrued earlier, the prescriptive period is tolled by the doctrine of *contra non valentem agere nulla currit praescriptio.*

Mercato bring claims (1) under 42 U.S.C. § 1983 for violation of Mercato's Fourteenth Amendment right to due process, (2) under article I, section 2 of the Louisiana Constitution which guarantees due process, (3) for negligent or intentional tort, and (4) under the Louisiana Unfair Trade Practices Act (LUTPA). The Court first considers the Section 1983 claim, and then the state claims.

### a. 42 U.S.C § 1983

Although Section 1983 provides a federal cause of action, the law borrows the statute of limitations applicable to forum-state personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). "In Louisiana, the applicable statute is Louisiana Civil Code article 3492, which provides for a one-year prescriptive period from the date of injury or damage." *Treadwell v. St. Tammany Par. Jail*, 599 F. App'x 189, 190 (5th Cir. 2015). Although the period of limitation is set by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388 (emphasis in the original). "Under federal law, a claim generally accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured and that there is a connection between his injury and the defendant's actions." *Washington v. Tex. Dep't. of Criminal Justice*, No. 15-20369, 2016 WL 3563933, at *1 (5th Cir. June 30, 2016) (internal quotations omitted); *see also Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

As noted above, Mercato maintains that its claims did not accrue until it learned of Costello's involvement in drafting Deveney's letter to the HDLC.

As an initial matter, a plaintiff need not know the identity of every potential defendant in order to start the prescription clock. *See, e.g., Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (Section 1983 claim accrued as to all defendants when plaintiff was injured, not years later when plaintiff learned identity of additional defendants). Mercato argues, however, that until it learned of Costello's specific role in drafting the letter, it "could not have known of the involvement of the FMIA in constructing the letter, and therefore [could] not have comprehended the substantial economic interest involved."[20]

This argument is undermined by Mercato's own allegations. Mercato's theory of improper influence, as outlined in its complaint, appears to run as follows: (1) John Deveney is both a voting member of the HDLC and the sole owner of Deveney Communications; (2) Deveney Communications has, in the past, performed paid work for the FMIA; (3) the FMIA publically opposed the Elisio Lofts project; and (4) Deveney Communications would— in some unspecified way—"benefit financially" if the FMIA's opposition to the Elisio Lofts project was successful. Deveney, under Mercato's theory, should have recused himself, and, although he did not actually vote on the

---

[20]     R. Doc. 35 at 9.

project, the letter Deveney sent to his colleagues constituted improper participation in the debate and discussion of the matter.

It is unclear what, if anything, Costello adds to the purported scheme. Mercato provides no reason why, if Deveney Communications improperly sought to influence the HDLC vote for its own profit, that influence would have to come from Costello, a mere employee and editor of the offending letter, and not Deveney himself who *owns* Deveney Communications and wrote the letter under his own name. Mercato, in fact, alleges that both John Deveney and Deveney Communications "stood to profit" if Mercato's application was unsuccessful.[21] It alleges that Deveney himself had a "duty to recuse himself and not to participate in debate or discussion on the matter" of Mercato's application.[22] Mercato's alleged injury therefore occurred when Deveney wrote and sent a letter to HDLC members, and the commission did not approve Mercato's application. Even if Costello had taken no part in the drafting of the letter, the injury would remain the same. Accordingly, Mercato's cause of action arose for purposes of Section 1983 when Mercato knew both that (1) Deveney had sent the letter to the HDLC commissioners, and (2) Deveney, Deveney Communications, and the FMIA

---

[21] R. Doc. 1 at 8-9.
[22] *Id.* at 7.

15

were connected in the ways described above. For the reasons outlined below, the Court finds that the claim accrued no later than April 19, 2013.

Mercato does not dispute that it received Deveney's letter to the HDLC commissioners on April 19, 2013 in response to a public records request to the City of New Orleans.[23] Mercato therefore knew of the letter no later than that date, which is more than one year before it filed suit on February 20, 2015. Defendants provide further uncontroverted evidence that Mercato was aware—and suspicious—of the connection between Deveney, Deveney Communication long before it received Deveney's letter from the City.

In a letter to the HDLC dated August 7, 2012—days before the HDLC voted on the Elisio Lofts application—counsel for Mercato[24] outlined the "substantial concerns" of his client "with regard to certain Commission members considering [the Elisio Lofts] project."[25] In the letter, Mercato's counsel alleges that Deveney has not recused himself "despite obvious conflicts of interest,"[26] and states that "[i]t is well known that Mr. Deveney's communications firm, Deveney Communications, has performed both paid

---

[23]     R. Doc. 17-2; R. Doc. 17-6.
[24]     For purposes of prescription, knowledge of Mercato's attorney is imputed to Mercato. *See, e.g., Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994) (plaintiff's Section 1983 claim time-barred because his attorney knew of injury outside three-year statute of limitations period).
[25]     R. Doc. 17-11 at 1.
[26]     *Id.*

and pro bono marketing and communications work for the FMIA . . . ."[27]  The letter goes on to allege that "[a] simple internet search for 'Deveney Communications FMIA' produces links that further evidence" the association between Deveney and the FMIA.[28]

In another letter, dated January 4, 2013, an attorney for Mercato writes:

> It has come to my attention that the Historic District Landmarks Commission ("HDLC") may have violated the due process rights of Mercato Elisio LLC in failing to afford impartial review and basic fairness in connection with the HDLC's review of this company's application for a certificate of appropriateness . . . . In particular, we have received multiple documents and other information which may suggest that Commissioner John Deveney may have inappropriately or unethically influenced or manipulated the HDLC's review of and its August 10, 2012 vote regarding this application.  This conduct undermines the integrity of the administrative process and the important public trust afforded to the HDLC.[29]

Because Mercato's purported injury is based on the connection between Deveney, Deveney Communications, and the FMIA, and the August 7 and January 4 letters demonstrate that Mercato was aware of that connection when it received Deveney's letter from the City of New Orleans, the

---

[27]  *Id.* at 2.
[28]  *Id.*
[29]  R. Doc. 17-10 at 8.

uncontroverted evidence before the Court shows that Mercato's Section 1983 cause of action accrued no later than April 19, 2013.

Although Mercato's action accrued in 2013, that does not end the inquiry. Mercato's claims may still be viable if the prescriptive period was tolled. Louisiana law governs tolling of Mercato's Section 1983 claim. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations."); *Rubin v. O'Koren*, 644 F.2d 1023, 1025 (5th Cir. 1981) ("[F]ederal courts, in § 1983 actions, must not only apply the appropriate state statute of limitations, but also must apply the applicable state rule for tolling that statute of limitations.").[30] Mercato argues that its claims are tolled under the equitable doctrine of *contra non valentem*.

In Louisiana, *contra non valentem* works "[t]o mitigate the occasional harshness of prescriptive statutes . . . ." *Prevo v. State ex rel. Dep't of Pub. Safety & Corr. Div. of Prob. & Parole*, 187 So. 3d 395, 398 (La. 2015). The doctrine "only applies in 'exceptional circumstances,'" *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 953 (La. 2002) (quoting La. Civ.

---

[30]    Although state tolling provisions generally govern Section 1983 claims, they may not be applied in a manner "inconsistent with the policies underlying § 1983 . . . ." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998).    Mercato makes no argument, and the Court sees no basis for concluding, that Louisiana tolling law runs afoul of Section 1983 in this case.

Code art. 3467, Official Revision Comment (d)), and "the party who asserts the benefit of *contra non valentem* bears the burden of proving its requisite elements and applicability." *M.R. Pittman Grp., L.L.C. v. Plaquemines Par. Gov't*, 182 So. 3d 312, 319 (La. App. 4 Cir. 2015). There are four factual situations in which *contra non valentem* may toll the prescriptive period:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effactually to prevent the creditor from availing himself of his cause of action; or (4) where the cause of action is neither known nor reasonably knowable by the plaintiff even though plaintiff's ignorance is not induced by the defendant.

*Lomont v. Bennett*, 172 So. 3d 620, 637 (La. 2015). Here, Mercato invokes the third category, and alleges that Deveney actively concealed Costello's involvement in drafting the letter to the HDLC commissioners.

The Louisiana Supreme Court has described three elements that "must be established" for the third category of *contra non valentem* to apply: "(1) the defendant engages in conduct which rises to the level of concealment, misrepresentation, fraud or ill practice; (2) the defendant's actions effactually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff must have been reasonable in his or her inaction." *Prevo*, 187 So. 3d at 398-99. Even assuming that Mercato has raised an issue of fact as to

whether defendants engaged in concealment, its claims fails to satisfy the second and third requirements. As noted above, Mercato's injury is not dependent on Costello's involvement. Even if defendants concealed Costello's involvement, this did not prevent Mercato from bringing its claims against Deveney and Deveney Communications. For the same reason, Mercato's failure to bring suit was unreasonable. Because Mercato cannot meet its burden to show that the "exceptional" doctrine of *contra non valentem* applies, Mercato's claims are not tolled.

Mercato's final argument to resist the application of prescription is that defendants have engaged in a "continuing violation" by blocking Mercato's access to public records concerning the HDLC vote.[31] The Louisiana Supreme Court defines a continuing violation or tort as one "where the operating cause of injury is a continuous one and gives rise to successive damages." *Miller v. Conagra, Inc.*, 991 So. 2d 445, 456 (La. 2008). A plaintiff asserting a suspension or interruption of prescription has the burden of demonstrating that the defendant's conduct is a continuing tort. *In re Med. Review Panel for Claim of Moses*, 788 So. 2d 1173, 1177 (La. 2001). Here, Mercato's alleged injury occurred when its application failed to win approval before the HDLC. Mercato has pointed to nothing about this

---

[31] R. Doc. 35 at 10-11.

act, a single vote occurring in 2012, that suggests a continuing tort. *See id.* ("[A] continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act."). Even if defendants did attempt to conceal Costello's role, those actions are not a continuation of the "operating cause" of Mercato's injury. The continuing tort doctrine therefore does not apply to Mercato's claims. Because Mercato's Section 1983 claim accrued no later than April 19, 2013, Mercato filed suit nearly two years later in February 2015, and neither *contra non valentem* nor the continuing tort doctrine apply, Mercato's Section 1983 claim is barred by liberative prescription.

Finally, the Court notes that even if Mercato's injury were dependent on Costello's involvement, that alone would not be enough to save Mercato's claims from prescription. The Fifth Circuit has held that when circumstances suggest "it would be appropriate" to investigate a potential cause of action under Section 1983, plaintiffs "acquire[] a duty to exercise reasonable diligence to discover their cause of action." *Longoria v. City of Bay City, Tex.*, 779 F.2d 1136, 1139 (5th Cir. 1986); *see also Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) ("Under federal law, a cause of action accrues when the plaintiff knows *or has reason to know* of the injury which is the basis of the action." (emphasis added)). In his August 7, 2012 letter,

Mercato's attorney notes—while listing Deveney's alleged conflicts of interest—that "Costello, the former President of the FMIA and its current Treasurer, is also the CFO of Deveney Communications."[32] An email, also produced by the City of New Orleans to Mercato on April 19, 2013,[33] shows that Deveney shared a draft version of his letter opposing the Elysian Fields project with Costello the day before Deveney sent it to the HDLC commissioners.[34] Because Mercato was already suspicious of Costello's role in influencing the HDLC commission, and knew that Costello had received a pre-release draft of Deveney's letter, the uncontroverted evidence before the Court shows that Mercato had "reason to know" that Costello contributed to drafting Deveney's letter to the HDLC no later than April 19, 2013. Mercato's Section 1983 claim is therefore prescribed even if, as Mercato contends, the claim is dependent on Costello's involvement.

### b. State Claims

In addition to its Section 1983 claims, Mercato brings claims under the Louisiana constitution, state tort law, and LUTPA. Unlike the Section 1983 claim, state law controls when these claims accrue. Mercato's tort and constitutional claims fall under Louisiana's one-year prescription for

---

[32] R. Doc. 17-11 at 2 (citations omitted).
[33] R. Doc. 33-2 at 2.
[34] R. Doc. 17-8.

delictual actions. *See* La. Civ. Code art. 3492; *Hogg v. Chevron USA, Inc.*, 45 So. 3d 991, 1002 (La. 2010) (tort), *Sims v. New Orleans Ry. & Light Co.*, 134 La. 897 (La. 1914) (constitutional). Accordingly, for these claims, "prescription commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492. "Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993). Prescription, however, "does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable." *Wimberly v. Gatch*, 635 So. 2d 206, 212 (La. 1994).

Here, as explained above, Mercato's was aware of the facts upon which its cause of action is based no later than April 19, 2013. As further noted above, Mercato has failed to demonstrate that *contra non valorem* applies beyond this date, or that defendants' conduct constitutes a continuing tort. Mercato's state tort and constitutional claims were therefore barred by prescription.

Finally, the Court considers Mercato's LUTPA claim. LUTPA provides that a private action "shall be prescribed by one year running from the time of the transaction or act which gave rise to the right of action." La. Rev. Stat.

§ 51:1409(E). "The prescriptive period for a private action pursuant to LUTPA is peremptive [and n]othing can interfere with the running of a peremptive period." *Zeigler v. Hous. Auth. of New Orleans*, 118 So. 3d 442, 451 (La. App. 4 Cir. 2013); *see also Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 481 n.4 (5th Cir. 2002) ("Louisiana courts have interpreted [LUTPA's time] period to be peremptive rather than prescriptive."). A peremptive time period, is not subject to suspension, interruption, or renunciation, *State v. McInnis Bros. Constr.*, 701 So. 2d 937, 939 (La. 1997) (citing La. Civ. Code art. 3461), and the doctrine of *contra non valentum* does not apply. *Tubos de Acero*, 292 F.3d at 481 n.4. The continuing tort doctrine may, however, extend a peremptive period. *Id.* at 482.

Under LUTPA, "[t]he date of the alleged wrongful act begins the running of the prescription, even if the plaintiff was unaware of the act." *Zeigler*, 118 So. 3d at 452. Here, Mercato's claimed injury is the non-approval of its application before the HDLC, so any wrongful acts that contributed to that injury occurred, at the latest, at the time of the HDLC vote in August 2012. As noted above, Mercato has failed to demonstrate that defendants engaged in a continuing tort. Mercato's LUTPA claim therefore became prescribed in August 2013.

## C. Defendants' Motion for Summary Judgment on the Merits, and Mercato's Related Motion to Strike.

Because it finds that all of Mercato's claims are prescribed, the Court need not rule on defendants' motion for summary judgment on the merits or Mercato's related motion to strike. Both motions are denied as moot.

## IV. CONCLUSION

For the reasons above, the Court DENIES Mercato's motion to strike exhibits to defendants' motion for summary judgment regarding prescription. The Court GRANTS defendants' motion for summary judgment regarding prescription. The Court DENIES AS MOOT defendants' motion for summary judgment on the merits and Mercato's related motion to strike.

New Orleans, Louisiana, this __8th__ day of August, 2016.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE