UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MERCATO ELISIO, LLC | CIVIL ACTION |
| VERSUS | NO. 15-563 |
| JOHN DEVENEY, DEVENEY COMMUNICATION CONSULTING, LLC, AND CHRIS COSTELLO | SECTION "R" (1) |

## ORDER AND REASONS

Plaintiff Mercato Elisio, LLC moves for reconsideration[1] of the Court's order[2] granting summary judgment in favor of defendants John Deveney, Deveney Communication Consulting, LLC, and Chris Costello. In its order, the Court found that all of Mercato's claims were barred by prescription.[3] Mercato now moves for reconsideration of that order under Federal Rule of Civil Procedure 59(e). For the following reasons, Mercato's motion is denied.

A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool*

---

[1] R. Doc. 75.
[2] R. Doc. 72.
[3] *Id.*

*Offshore, Inc.*, 1998 WL 43217, *2 (E.D. La. Mar. 19, 1998); *Bardwell v. George G. Sharp, Inc.*, 1995 WL 517120, *1 (E.D. La. Aug. 30, 1995). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. A moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law. *See Fidelity & Deposit Co. of Md. v. Omni Bank*, 1999 WL 970526, *3 (E.D. La. Oct. 21, 1999); *Fields*, 1998 WL 43217 at *2.

The bulk of Mercato's motion for reconsideration is devoted to a lengthy factual background and statement of applicable law. Mercato's argument section advances two theories: (1) reconsideration is appropriate because of "new evidence"; and (2) reconsideration is necessary to prevent manifest injustice. Both arguments fail.

Mercato's "new evidence" does not provide grounds for reconsideration for two reasons. First, the evidence is not new. The Court issued its order granting summary judgment on August 8, 2016. Mercato

admits that it received all of its "new evidence" before that date,[4] but argues that any evidence it obtained after defendants' summary judgment motion was *submitted* before the Court is new evidence for purposes of reconsideration. Mercato is wrong; the relevant date is when judgment is actually entered. *See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co.*, 174 F.3d 653, 658 n.1 (5th Cir. 1999) ("Matador's failure to explain why the evidence was not available prior to the district court's grant of summary judgment constitutes a valid basis for denying Matador's Motion for Reconsideration."); *Russ v. International Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991) (noting that "the unexcused failure to present evidence [that] is available at the time summary judgment is under consideration constituted a valid basis for denying a motion to reconsider"); *see also* 11

---

[4] *See* R. Doc. 75-2 at 15-16. Mercato attaches eight exhibits to its motion—seven depositions and one compendium of documents produced by defendants in discovery in this case. All seven depositions were taken before the Court's August 8, 2016 order granting summary judgment: (1) Deposition of Jennifer Zurik, taken on July 22, 2016; (2) Deposition of Wayne Troyer, taken on July 22, 2016; (3) Deposition of Sean B. Cummings, taken on June 30, 2016; (4) Deposition of John J. Deveny III, taken on July 28, 2016; (5) Deposition of Christopher Costello, taken on July 29, 2016; (6) Deposition of Eva Campos, taken on July 20, 2016; and (7) Deposition of John Deveny, taken on February 20, 2014. The remaining exhibit is a collection of documents that Mercato describes as produced in discovery in this case. R. Doc. 76-6; R. Doc. 76-11. Mercato does not maintain that it received any of these documents after August 8.

Wright & Miller, Fed. Prac. & Proc. § 2810.1 (3d ed.) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised *prior to the entry of judgment.*" (emphasis added)).

Even if Mercato's evidence were new, it does nothing to disturb the Court's reasons for granting summary judgment. The Court based its prescription finding largely on Mercato's own words. The order quotes letters from Mercato's attorneys alleging that John Deveny has an "obvious conflict of interest," that Deveny Communications had performed work for the FMIA, and "that the Historic District Landmarks Commission . . . may have violated the due process rights of Mercato Elisio LLC."[5] Defendants argue in essence that their "new evidence" provides even stronger proof of the purportedly improper connection between John Deveny, Deveny Communications, Chris Costello, and the Historic District Landmarks Commission. But that Mercato knows more now cannot erase what it knew years before filing its claim: (1) the text of John Deveney's letter to the HDLC commissioners, and (2) the connections between Deveney, Deveney Communications, and the FMIA.

---

[5] R. Doc. 72 at 16-17.

4

Finally, the Court finds that Mercato has made no compelling showing that reconsideration is necessary to prevent manifest injustice. Mercato devotes only three sentences to its manifest injustice argument, and it cites no authority. The crux of the argument is that defendants withheld information that should have been produced in a 2013 public records request. But this Court found that Mercato's claims were prescribed precisely because of what Mercato *did* know, and particularly because of information Mercato received in the purportedly incomplete response to Mercato's public records request. Mercato does not to explain how defendants' alleged stonewalling years before this Court's summary judgment order was issued makes failing to reconsider that order a manifest injustice.

For these reasons, Mercato Eliso, LLC's motion for reconsideration is DENIED.

New Orleans, Louisiana, this __15th__ day of February, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE